IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BURT HILL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1285 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| HAYDAR HASSAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 12, 2009, the parties appeared by telephone for a Status Conference to discuss their discovery disputes. *See generally* Status Conf. Minutes (Doc. 24). Counsel were instructed to cross-brief certain issues, and they have done so. *See* Docs. 25-28.

The parties are well aware of the facts and circumstances underlying their disputes, so the Court will proceed directly to its rulings.

  A. **The Location of Defendants' Depositions**

Having carefully considered the parties' submissions, the Court concludes and, therefore, orders that Defendants' depositions shall take place in Pittsburgh, Pennsylvania. Most significant to the Court's determination are the facts that: (1) nearly all of the Defendants are citizens of the United States, *see* Compl. in Haydar K. Hassan, *et al.*, v. Burt Hill, Inc., *et al.*, GD 09-016228 (Allegh. Cty. Ct. Comm. Pls. 2009); (2) before this federal action was filed, Defendants initiated suit in Pennsylvania state court (*see id.*), claiming proper venue because "the parties operate, reside or otherwise do business in Allegheny County"; (3) Defendants' preferred location, Amman, Jordan, has no connection with the merits of this case;

and (4) the United States Department of State has issued stringent "safety and security" warnings regarding U.S. citizens' travel to Jordan.  *See* U.S. Dept. of State webpage at: http://travel.state.gov/travel/cis_pa_tw/cis/cis_1149.html.

Having voluntarily and affirmatively availed themselves to litigation in this District, Defendants' objections to appearing for deposition in Pittsburgh, Pennsylvania are unconvincing.

### B.   "Confidential" Information and Defendants' 5th Amendment Privilege Against Self-Incrimination

Plaintiff's counsel has supplied the parties' most recent proposals for paragraph 16 of their stipulation and protective order.  *See* Doc. 25 at ¶¶ 5, 6.  These provisions appear to capture the fundamental nature of their present disagreements.

Having reviewed the parties' proposals, the Court hereby adopts the following language:

> 16.   Pursuant to the Court's ruling in this case, the information produced pursuant to this Order shall not be used in or disseminated to any person, investigative agency, court, or court personnel involved in any other civil or criminal litigation, regardless of venue, except as required by law.  If a party is requested, or required by law, to disclose information designated as "Confidential," the party requested or required to make such disclosure shall immediately notify the producing party of the request or demand for disclosure so that, to the extent possible, it may have an opportunity to be heard on whether the information must be disclosed.

Defendants' request for additional restrictions is denied.  As Defense counsel implicitly concede, the law regarding the Fifth Amendment privilege against self-incrimination does not, under the current circumstances, fall in Defendants' favor.  *Compare* Doc. 26 at 7-9 (citing legal standards) *with, e.g.*, <u>In re Impounded</u>, 178 F.3d 150, 154-57 (3d Cir. 1999) (noting Supreme Court's determination that "fear of foreign prosecution, without more, [i]s not a sufficient basis for the invocation of a Fifth Amendment privilege against compelled self-incrimination," and rejecting suggestion that Supreme Court established "an exception" for cases where evidence

"will be shared with a foreign government" for purposes of "joint prosecution") (citations omitted).  And although Defendants argue that Plaintiff's potential pursuit of criminal charges in the United States may change the landscape, there is no indication that such charges have been requested or filed.  *Cf.* In re Impounded at 155 (even assuming Supreme Court established "joint prosecution" exception, litigant invoking Fifth Amendment must show that "the [evidence] is being taken with a purpose that it will be shared with a foreign government").[1]

Defendants' proposed restrictions also raise serious questions regarding international comity and enforceability, as there is no assurance that the U.A.E. tribunal would defer to the rulings Defendants ask this Court to make.  Relatedly, Plaintiff has raised legitimate concerns regarding its being held in contempt of either tribunal for complying with one court's ruling and not the other.

For these reasons, paragraph 16 of the stipulation and protective order shall contain the language recited above, unless modified in part or in whole by agreement of the parties. In addition, opposing counsel are directed to confer in good faith to resolve any remaining areas of disagreement, viewing the Court's reasoning above as a strong indicator of how the Court will view related matters placed before it should an amicable resolution not be reached.

IT IS SO ORDERED.

November 18, 2009                                  s\Cathy Bissoon
                                                   Cathy Bissoon
cc (via email):                                    United States Magistrate Judge

All Counsel of Record

---

[1] To the extent that the Supreme Court contemplated a potential "joint prosecution" exception, the apparent justification would be to prevent the United States from making an "end run" around the Fifth Amendment by offering immunity to the accused, securing incriminating information, and then passing it along to a cooperating foreign body.  *See id.* at 154-55. There is no indication that such a scheme has been undertaken here.