IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BURT HILL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1285 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| HAYDAR HASSAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Ibrahim Altahan's Motion (Doc. 55) to Dismiss based on lack of personal jurisdiction will be denied.

As referenced in two prior Orders, Defendant Altahan initiated suit against Plaintiff in Haydar K. Hassan, *et al.*, v. Burt Hill, Inc., *et al.*, GD 09-016288 (Allegh. Cty. Ct. Comm. Pls. 2009) ("Hassan"). *See* Order dated Nov. 18, 2009 (Doc. 30) at 1; Order dated Dec. 4, 2009 (Doc. 40) at 10 n.6. In his state court action, filed before the commencement of this federal lawsuit, Defendant Altahan alleged that jurisdiction was proper under Pennsylvania's Long-Arm Statute, 42 Pa. Cons. Stat. § 5301, *et seq*. *See* Compl. in Hassan at ¶ 13.

In Hassan, Defendant Altahan alleged, among other things, that Burt Hill breached employment agreement(s) by forcing him to resign and by failing to pay him due compensation. *See generally* Compl. in Hassan at ¶¶ 112, 138; *see also id.* at Counts I, II & IV. Many of the operative facts alleged in the instant lawsuit formed the bases for Defendant's requests for relief in Hassan. *Compare, e.g.,* Compl. in Hassan at ¶¶ 87, 91, 95, 106, 126, 128 & 138 (addressing termination of Defendant Altahan's employment, potential sale of Burt Hill's operations to Defendants, creation of BH Global, Plaintiff's "raid" on Burt Hill's Dubai office, post-"raid"

settlement discussions between parties, and Plaintiff's filing of criminal charges against Defendants in Dubai) *with, e.g.,* Pl.'s Compl. (Doc. 1) at ¶¶ 14, 43, 46, 68 & 81 (alleging facts regarding Defendant's termination, possible sale of Burt Hill's Dubai operations to Defendants, Plaintiff's seizing control of Burt Hill's Dubai operations, and post-seizure agreement between parties).

In Hassan, Defendant Altahan also alleged violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and a series of claims presumably sounding in Pennsylvania common law. *See, e.g.,* Compl. in Hassan at Count V (PWPCL); Count VI (wrongful termination); Count VII (defamation); *and* Count IX (intentional infliction of emotional distress); *see also, e.g.*, Counts I, II, III & IV (breach of contract and promissory estoppel).

"Many courts have concluded that personal jurisdiction may be based upon implied consent or waiver when a non-resident files a claim in the forum state that involves the same transaction." Neuralstem, Inc. v. StemCells, Inc., 573 F. Supp.2d 888, 897 (D. Md. 2008) (collecting cases); *see also* Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999) ("where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter") (citation omitted). The fact that Defendant filed suit in state court is of no consequence. See Marron v. Whitney Group, -- F. Supp.2d --, 2009 WL 3300265, *2 & n.9 (D. Mass. Oct. 15, 2009) ("the courts of a forum . . . include those [state and] federal courts located within the state for purposes of personal jurisdiction," and, "therefore, [it is] irrelevant to the court's analysis that [defendant] initiated suit in . . . state court, rather than federal court") (citations omitted).

It also is axiomatic that personal jurisdiction lies where a defendant "purposefully avails [him]self" of a forum to "invok[e] the <u>benefits and protections of its laws</u>." *See* <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474-75 (1985) (citation to quoted source omitted, emphasis added).  Defendant Altahan undoubtedly has done so here, having independently and affirmatively sought relief under a Pennsylvania statute and a series of common law claims in Pennsylvania state court.  *See* discussion *supra* (highlighting Defendant's claims under PWPCL and state common law).

Perhaps recognizing the fundamental deficiencies of his personal jurisdiction challenge, Defendant Altahan claims to have "voluntarily discontinued his participation" in <u>Hassan</u> "as of December 31, 2009."  *See* Def.'s Br. (Doc. 56) at 5.  Defendant's abandonment of his state court claims, only two business days before the filing of his Motion to Dismiss, has no proper bearing on the Court's jurisdictional analysis.  Even assuming Defendant's withdrawal from <u>Hassan</u> was not, as it appears, an unseemly attempt to manipulate this Court's exercise of jurisdiction,[1] Defendant has sworn to his state court allegations under penalty of perjury.  *See* Verification of I. Altahan, attached to Compl. in <u>Hassan</u> (swearing, under 18 Pa. Cons. Stat. § 4904, that contents of his pleadings were "true and correct to the best of [his] knowledge, information and belief").

---

[1] *Cf.* <u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 288 (2000) (referencing federal courts' well established "interest in preventing litigants from attempting to manipulate . . . jurisdiction").

Defendant has availed himself to the jurisdiction of this forum, and his Motion to Dismiss (**Doc. 55**) is **DENIED**.[2]

IT IS SO ORDERED.


January 5, 2010                                          s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States Magistrate Judge

cc (via email):

All Counsel of Record

---

[2] Having filed Defendant Altahan's Motion on his behalf, Defense counsel are reminded of their obligations under Federal Rule 11(b). *See* Fed. R. Civ. P. 11(b)(1)-(2) (by presenting motion, counsel certify that "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," filing has not been presented for "improper purpose," and its "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument" for modifying same).