IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BURT HILL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1285 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| HAYDAR HASSAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion (**Doc. 66**) Seeking Guidance From the Court With Respect to Additional Anonymous Source Documents is **GRANTED**, as described below.

The Court and parties are well aware of the documents obtained by Defendants through an alleged "anonymous source" in September, 2009 ("the September Documents"). *See generally* Defs.' Mot. (Doc. 66) at ¶¶ 1-2. Defense counsel now reveals that, "[i]n the past month, [they] ha[ve] been informed that Defendants received a second package of anonymous source documents in October, 2009" ("the October Documents"). *See id.* at ¶ 6. Although Defense counsel is not in possession of the October Documents, their clients "understand[] that the package contains documents similar to the types" contained in the September Documents. *Id.* at ¶ 8. Defense counsel seek guidance regarding whether they can receive the October Documents from their clients and examine them. *Id.* at ¶ 17.

As the parties also are aware, the September Documents are the subject of competing Motions for sanctions (by Plaintiff) and for production (by Defendants). *See* Docs. 50, 62. Until the Court resolves these Motions, it is not in a position to address what should be done with the October Documents.

It is clear, however, that the September Documents include at least some materials subject to attorney-client privilege. *See, e.g.*, Sept. Dcmts. (filed under seal at Doc. 60) at Bates-stamp nos. BHAS00048-49. Defendants represent that the October Documents contain similar types of materials, *see* discussion *supra*, and, under the circumstances, it is inappropriate for Defense counsel to review the October Documents before rulings regarding the September Documents are entered.

Thus, Defendants are hereby directed to immediately submit to their counsel the October Documents, along with any other existing "anonymous source" materials not yet addressed or revealed in this case. Defendants, moreover, shall immediately turn over to their counsel any future "anonymous source" documents they receive, without first reviewing them, for treatment as described below.[1]

The parties are directed to reach agreement on the identity of a neutral third party (hereinafter "Escrow Agent"), who shall receive and retain in escrow the October Documents, and any future "anonymous source" documents received by Defendants (collectively, "the Escrow Documents"), until further order of Court. *See, e.g.*, Siegel v. Warner Bros. Entm't Inc., 2008 WL 4414682, *1 (C.D. Cal. Sept. 26, 2008) (when defendant received "anonymous source" documents regarding plaintiffs' counsel, defendant ceased review because "it became apparent that [some] document[s were] privileged," defendant "contacted plaintiffs' counsel and advised . . . that the documents had been received," and it "refrained from using any information in the documents . . . until there was either an agreement with opposing counsel or the court had determined how to proceed"; parties thereafter turned documents "over to a neutral third party pending resolution of the disposition of the escrow documents").

---

[1] Although it should go without saying, Defendants shall not make or retain copies of the October Documents or any future "anonymous source" documents.

Defense counsel shall promptly deliver the Escrow Documents, without reviewing them, to the neutral Escrow Agent.  The September Documents aside, any "anonymous source" documents received by Defendants but not identified and submitted to the Escrow Agent in conformity with this Order may not be used, in any way, by Defendants through the course of this litigation.  Moreover, should the Court determine that Defendants are in possession of, but have not turned over, any such documents, or that any party has violated any provision of this Order, contempt proceedings may be instituted.

The Escrow Agent shall not provide copies of the Escrow Documents to any party or their counsel until further order of Court.  As for the costs and fees associated with the escrow agent, Plaintiff shall bear 50%, and Defendants 50%.  Should the parties be unable to reach agreement on an Escrow Agent by the deadline established below, one will be appointed by the Court.[2]

The parties shall comply with all of the directives in this Order by January 20, 2010. Defendants and their counsel shall act diligently and expeditiously to ensure that the Escrow Documents are within the possession of the Escrow Agent by the aforementioned deadline. Should the parties not reach agreement regarding an escrow agent, Defense counsel shall retain (but not review) the Escrow Documents pending the Court's appointment of the same.

---

[2]  While not required by the Court, the parties should consider selecting as the Escrow Agent an attorney, not previously associated with this case, knowledgeable in the area of legal privileges. *Cf.* Defs.' Mot. at ¶ 17 (contemplating potential appointment of special master in connection with Escrow Documents).  Should the parties prove unable to reach agreement, however, it is more important to the Court that the Escrow Documents be promptly delivered to a neutral third party, regardless of expertise.

4

IT IS SO ORDERED.


January 13, 2010                              s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States Magistrate Judge

cc (via email):

All Counsel of Record