IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BURT HILL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1285 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| HAYDAR HASSAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendants' Motion (Doc. 79) for an evidentiary hearing will be denied, without prejudice to renewal, consistent with the discussions below.

In an Order dated January 29, 2010, the Court found that Defendants' claimed lack of knowledge regarding, or involvement with, their receipt of purported "anonymous source" documents in October, 2009, appeared "highly suspicious." *See* Doc. 77 at 3. The Court observed that, were it to be convinced that Defendants conspired with others to obtain these documents, Defendants "could well be the subject of severe sanctions for perpetrating a fraud on the court." *Id.* Plaintiff did not request a hearing, however, and the Court believed that holding one would be inconsistent with the parties' prior positions through the course of this litigation. *See id.* at 3-4 (noting Plaintiff's desire to proceed expeditiously with preliminary injunction request, and Defendants' objection to appearing in Pittsburgh for depositions). In a footnote, the Order stated that, should any party disagree with the above conclusions, the Court stood ready to conduct an evidentiary hearing. *See id.* at 4 n.2; *see also id.* (citing decision "ordering [an] evidentiary hearing to resolve disputed questions of material fact regarding [an] alleged fraud on [the] court") (internal quotations omitted).

Defendants now request such a hearing, seeking to proffer the testimony of Defendant Haydar Hassan, Defense counsel and Defendants' expert, Craig E. Simpson. *See* Defs.' Mot. at ¶¶ 4, 6, 7.[1] Defendants appear to believe that the proposed hearing may be relevant to the Court's entry of sanctions in the January 29th Order. *See id.* at ¶ 8 (requesting that Defendants' compliance with Court's sanctions rulings be stayed pending outcome of hearing); *cf. also id.* at ¶ 9 (asking that all expedited discovery be stayed until after hearing).

Defendants are mistaken. As the January 29th Order made clear, "there [we]re sufficient grounds before the Court to adjudicate Plaintiff's Motion without resort to a hearing," namely "Defense counsel's handling of the September Documents." *See* Doc. 77 at 4. It was on this specific basis that the Court found the entry of sanctions warranted. *See id.* at 4-10.

In light of the January 29th Order, the only legitimate purposes that an evidentiary hearing may serve is to address whether: (a) Defendants should be the subject of "severe sanctions" for conspiring with others to secure Plaintiff's privileged and confidential documents, *see* discussion *supra*; and (b) whether Defense counsel violated Federal Rule of Civil Procedure 11 by failing to make a reasonable inquiry into their factual statements regarding Defendants' receipt of the September and October Documents. *See* Doc. 77 at 4 n.3 (citing and

---

[1] The Court notes that, despite her purported involvement in the receipt of the September Documents, Defendant Hassan's sister-in-law has not been offered as a witness. *Compare* January 29th Order at 2 (September Documents "allegedly were retrieved by the sister-in-law of one of the Defendants, unspecified, who was collecting Defendants' mail at their former leased office space and forwarding the mail to the unspecified Defendant at his new residence in Amman, Jordan") (internal quotations and alterations omitted) *with* Defs.' Mot. at ¶ 4 (identifying Mr. Hassan as Defendant who ultimately received September Documents); *see also* Vought v. Teamsters Gen'l Union Local No. 662, 2008 WL 3981989, *9 (E.D. Wis. Aug. 22, 2008) ("each party [generally] is responsible for securing its own witnesses") *and* Colon-Millin v. Sears Roebuck De Puerto Rico, Inc., 455 F.3d 30, 34 (1st Cir. 2006) (absent evidence of unavailability, "[w]hen a party fails to call a witness whom that party would ordinarily produce if the facts known by the witness were favorable to that party, the [fact finder] may infer that the absent witness's testimony would have been adverse to that party") (citation to quoted source omitted).

quoting Fed. R. Civ. P. 11(b)(3)). Although the January 29th Order declined to resolve, or base the imposition of sanctions on, these matters, the Court remains prepared to adjudicate them should Defendants' renew their request for a hearing.

If Defendants wish to so proceed, however, they must understand that the Court will neither revisit the issuance of, nor delay Defendants' compliance with, the sanctions entered on January 29th. As the Court's rulings have made clear, the imposition of sanctions was warranted based on Defense counsel's retention and review of Plaintiff's privileged and confidential materials, and no amount of testimony regarding the "anonymous" nature of the September and October Documents can modify the Court's conclusion.

For the reasons stated above, Defendants' Motion (**Doc. 79**) for an evidentiary hearing is **DENIED WITHOUT PREJUDICE**, and they may renew their request on or before February 5, 2010.

IT IS SO ORDERED.


February 2, 2010                                    s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge
cc (via email):

All Counsel of Record